Israel Racine, Pet'r, *vs.* Henry C. Hunt.

## Cumberland.   Opinion May 26, 1917.

*Town meetings.   Ballots cast at town meetings.   Powers of committee appointed
to count ballots and declare election.   Rights of parties to have ballots inspected
and proper count made where there has been apparent error in counting.
Power of court under R. S., 1916, Chap. 7, Sec. 87, to pass upon
the question of election of selectmen.*

1.   Any evidence, admissible according to the rules of evidence, is admissible in disputed election case to show the truth.

2.   The record of a town meeting may be contradicted by a count of the identical ballots cast, though the ballots are not official, and are not required to be preserved in the custody of any officer.

3.   The offices of selectmen, assessor and overseer of the poor are municipal offices within the meaning of R. S., Chap. 7, Sec. 88, and the Justices of the Supreme Judicial Court have jurisdiction to determine the validity of an election to either of these offices, on petition of one claiming to have been elected against the person who has been declared elected in town meeting, and who holds or claims to hold the office.

4.   The evidence shows that the petitioner, and not the respondent, was elected, and is entitled to the office.

Petition under R. S., 1916, Chap. 7, Sec. 87, to determine a disputed election.   Respondent filed plea denying jurisdiction of the court, and also filed answer.   Hearing was had upon bill, answer and proof, respondent not offering any testimony.   Sitting Justice found that the total number of ballots cast as claimed by petitioner was correct and ruled that the petitioner was duly elected to the office claimed and that he was entitled to the possession thereof.   From this ruling, respondent entered an appeal to the Law Court.   Appeal denied. Decree of sitting Justice affirmed with additional costs.

Case stated in opinion.

*Joseph H. Rousseau, and Wheeler & Howe,* for petitioner.

*W. R. Pattangall,* for respondent.

SITTING:  SAVAGE,  C.  J.,  CORNISH,  KING,  BIRD,  HANSON,
PHILBROOK,  JJ.

SAVAGE,  C.  J.  . This is a petition to determine a disputed election,
and is brought under the provision of Sec. 87, Chap. 7, of the R. S.,
1916.   The petitioner claims that he was lawfully elected selectman,
assessor of taxes and overseer of the poor at the last annual town
meeting in the town of Brunswick, but that the respondent was
improperly declared to be elected to these several offices.   The
petitioner prays for judgment that he is entitled to the offices.   The
sitting Justice rendered judgment for the petitioner, and the respon-
dent appealed.

It appears that the town voted to elect all town officers on one
ballot.   Two tickets were voted.   On one ticket the name of the
petitioner appeared as a candidate for the three offices, and on the
other the name of the respondent.   The ballots were counted by a
committee appointed therefor, who reported that the respondent had
received 435 ballots, and the petitioner 415.   The report was accepted,
and accordingly the respondent was declared elected.   He qualified,
and has since been performing the duties of the office.   After the
town meeting had adjourned, some question was made as to the
accuracy of the count of ballots as reported, and they were examined.
Without going into the details, it is sufficient to say that it sufficiently
appears, as found by the sitting Justice, that there was an error in
counting, and that the petitioner received 415 votes, while the
respondent in fact received only 413.   The petitioner therefore was
elected and should have been so declared.

But the respondent challenges the jurisdiction of the Justices to
determine the question.   And he contends further that as the tickets
were unofficial, and as they were not preserved or kept in custody by
any person, by virtue of any statute, they are not admissible in
evidence to contradict the record of the meeting which shows that he
was elected.   In fine, it is claimed that the court cannot go behind
the record.   We think that there is no merit in the contention, that
the Justices have jurisdiction, and that the truth should prevail, not-
withstanding the record.   Such is the obvious purpose of the statute.

The statute in question was first enacted in 1880, Chap. 198, Sec. 1.
It followed a period during which there had been much public discus-
sion and dispute as to the power of various tribunals to go behind the

records of elections. It was evidently intended to declare a power in the court to settle certain classes of election contests according to the truth. To find the truth it is obviously necessary to inquire outside of and behind the records. The correctness of the records is the very question that is to be decided. Under this statute, every petitioner starts in with the record against him. His opponent has been declared elected, and it has been so recorded.

At first the statute applied only to elections of county officers and County Attorneys. In 1893, the statute was so amended as to include elections to any municipal office. Laws of 1893, Chap. 26. There can be no doubt that the offices claimed in this proceeding are municipal offices. *Tremblay* v. *Murphy,* 111 Maine, 38. The statute is broad, and it imposes no limitations as to the manner of proof. Any evidence, admissible according to the rules of evidence, is admissible in an election case to show the truth. In *Howard* v. *Harrington,* 114 Maine, 443, the evidence of an actual count made in ward meeting was held sufficient to outweigh the record of an election, and a count of the official ballots found in the ballot box afterwards.

It being shown, as we think it is, that the ballots offered as evidence in this case were the identical ballots cast, and all of them, we think that they were admissible, and that they offered good ground for determining the result of the election. In such a case, the fact that they were unofficial, and the fact that the law did not put them into the official custody of any person, are immaterial.

> *Appeal denied.*
> *Decree of sitting Justice affirmed*
> *with additional costs.*